IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10119
_____

ROY TRUJILLO, JR., THE ESTATE OF ROY TRUJILLO, JR.,
DECEASED; ROY TRUJILLO, SR., Representative of the
Estate of Roy Trujillo, Jr., Deceased; DEBBIE TRUJILLO,
Representative of the Estate of Roy Trujillo, Jr.,
Deceased; MARTHA ALICIA ORTIZ, Individually and on
behalf of Roy Ricardo Trujillo III, on behalf of Adam
Alexander Trujillo, on behalf of the Estate of Roy
Trujillo, Jr., Deceased; MARY MONCIBIAZ, Individually
and on behalf of the Estate of Roy Trujillo, Jr.,
Deceased, on behalf of Mary Alice Trujillo,

                                    Plaintiffs-Appellees,

versus

STEVEN G. O'BRIEN; ET AL.,

                                    Defendants,

STEVEN G. O'BRIEN,

                                    Defendant-Appellant.

---------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-1669-H
February 13, 2001

Before GARWOOD, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Roy Trujillo, Jr., filed this 42 U.S.C. § 1983 civil rights

suit against appellant Steven G. O'Brien, a Dallas police officer,

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and other defendants, alleging that O'Brien used excessive force when effecting an arrest of him.  O'Brien filed a motion for summary judgment on the basis of qualified immunity.  The district court refused to grant that motion, and this appeal followed.

District court orders denying summary judgment on the basis of qualified immunity are immediately appealable under the collateral order doctrine, notwithstanding their interlocutory character, when based on a conclusion of law.  See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).  Such orders are not immediately appealable, however, if they are based on a determination that a genuine issue of material facts exists.  See Johnson v. Jones, 515 U.S. 304, 313 (1995).  Because the district court's ruling was based on a determination that significant factual issues remained as to circumstances surrounding O'Brien's shooting and subduing of Trujillo, this court does not have jurisdiction to review the denial of O'Brien's motion for summary judgment based on qualified immunity.  Accordingly, the appeal is DISMISSED FOR LACK OF JURISDICTION.